**Thangavadivel THAVENDRAN,
Petitioner,**

v.

**Alberto R. GONZALES, United
States Attorney General,
et al., Respondents.**

**No. 05–2723–ag NAC.**

United States Court of Appeals,
Second Circuit.

Jan. 25, 2007.

Visuvanathan Rudrakumaran, Law Office of V. Rudrakumaran, New York, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Varuni Nelson, Assistant United States Attorney, Dione M. Enea, Special Assistant United States Attorney, Brooklyn, NY, for Respondent.

Present ROGER J. MINER, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED in part and DENIED in part.

Petitioner Thangavadivel Thavendran, a native and citizen of Sri Lanka, seeks review of the November 19, 2002 order of the BIA affirming the January 25, 2001 decision of Immigration Judge ("IJ") Sandy Hom denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Thangavadivel Thavandren,* No. A72 023 135 (B.I.A. Nov. 19, 2002), *aff'g* No. A72 023 135 (Immig. Ct. N.Y. City Jan. 25, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was

sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

In the present case, remand is required because the agency erred in failing to consider whether there was a pattern and practice of persecution in Sri Lanka against individuals of Tamil ethnicity. An asylum applicant need not show that he would be individually targeted for persecution if he can demonstrate that "there is a pattern and practice ... of persecution of a group of persons similarly situated to [him] on account of [one of the enumerated grounds]." 8 C.F.R. § 208.13(b)(2)(iii)(A). In order to establish eligibility for asylum based on a pattern and practice of persecution, the applicant must prove that he is a member of such a group and that his fear of persecution on account of his membership in that group is objectively reasonable. 8 C.F.R. § 208.13(b)(2)(iii)(B). An alien may also establish eligibility for withholding of removal by making out a pattern and practice claim. *See* 8 C.F.R. § 208.16(b)(2)(i)-(ii).

Thavendran's application and testimony, which the IJ found to be credible, established that he was Tamil and that he had routinely witnessed violence perpetrated on Tamils by government officials. In addition, evidence in the record in the form of country reports supports Thavendran's assertion that Tamils are persecuted for suspected involvement with the Liberation Tigers of Tamil Eelam. *See* JA at 199–

200, 209. Thavendran clearly articulated his pattern and practice claim in his appeal to the BIA, but neither the IJ in the first instance nor the BIA on review appears to have given it any consideration. Because of that error, we remand this case so the agency may correct it and consider anew Thavendran's applications for asylum and withholding of removal.

Thavendran's failure to raise his CAT relief claim before the BIA precludes our review, and we do not remand on this issue. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006); 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is GRANTED in part as to the asylum and withholding of removal claims and DENIED in part as to the CAT claim, and the case is remanded to the BIA. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).